IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ALICE J. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action |
| | ) No. 11-3270-CV-S-JCE-SSA |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| Defendant. | ) |

## ORDER

This case involves the appeal of a final decision of the Secretary denying plaintiff's application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et seq., and her application for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1383(c)(3) et seq. Pursuant to 42 U.S.C. § 405(g) and §1383(c)(3), this Court may review the final decisions of the Secretary. Pending before the Court at this time are plaintiff's brief, defendant's reply brief in support of the administrative decision, and plaintiff's reply. For the reasons stated herein, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

position represents the Agency's findings, the Court must affirm the decision. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. A disabling impairment is one which precludes engaging "in any substantial gainful activity [for at least twelve months] by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). A finding of "not disabled" will be made if a claimant does not "have any impairment or combination of impairments which significantly limit [the claimant's] physical or mental ability to do basic work activities. . . ." 20 C.F.R. § 404.1520.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well-settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

## Discussion

Plaintiff was 61 years old at the time of the hearing before the ALJ. Plaintiff has a high school equivalency education. She has past relevant work as an assembler, sewing machine operator, waitress and telemarketer. She alleges disability due to Type II diabetes mellitus,

hypertension, back injury, gastric reflux, and problems with her legs.

At the hearing before the ALJ, plaintiff testified that the last time she worked full-time was in 2007, when she was doing assembly line work. She had performed that work for six or seven years, and had done some heavy lifting with that job before she hurt her back. That injury occurred in 2006. She had lumbosacral decompression surgery for that injury. The last time she saw the treating physician was two or three years prior to the hearing. Plaintiff testified that at first her back was better, but then she started having the same problems as before. She couldn't get in to see that doctor, but saw her regular physician, who prescribed pain pills. "Or they told [her] to just take Tylenol." [Tr. 24]. A little later she hurt her knee, which caused problems with climbing stairs. Regarding her employment, she was terminated in 2007. She stated that this was because she was not adequately performing her job. Even if she hadn't been fired, plaintiff testified that she did not think she would still be working at that job because of pain in her lower back, hands, and legs. She has had arthritis in her hands for many years, but has never been told whether it is rheumatoid arthritis or regular arthritis. She has trouble picking things up, bending over, and stooping. "I can't even wash my dishes without wanting, sitting down for a while and going back and finish them." [Tr. 25-26]. Plaintiff testified that she receives treatment for diabetes and high blood pressure. She takes pills for diabetes; she feels like she might be having problems with her vision because her eyes water and her vision is blurry. She stated that she could probably stand for 15-30 minutes, and sit for 30 minutes before she starts having pain in her lower back and tingling in her legs. She hasn't driven in two years because it hurts her legs. She has diarrhea from one of the medications she is taking.

The ALJ found that plaintiff had not engaged in substantial gainful activity since October 5, 2007, the alleged onset date. It was the ALJ's finding that plaintiff has severe impairments of

"Type II diabetes mellitus, hypertension and chronic pain (20 CFR 404.1520c) and 416.920c))." [Tr. 10]. He found that plaintiff was not totally credible. It was the ALJ's finding that plaintiff had the Residual Functional Capacity ["RFC"] to perform sedentary work, with the limitations of "no climbing, occasional stooping, kneeling, crouching, crawling, reaching overhead bilaterally and with frequent handling/fingering bilaterally." [Id.]. He concluded that plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. Based on the testimony of a vocational expert, it was his finding that plaintiff could perform her past relevant work as a telemarketer, and could perform other unskilled sedentary jobs, such as assembler or table worker. Therefore, the ALJ found that plaintiff was not under a disability as defined by the Act.

Plaintiff contends that the ALJ erred in his RFC determination; erred in his credibility analysis; erred in not fully developing the record; and erred in failing to fully and impartially weigh the medical evidence. Specifically, she asserts that the ALJ ignored substantial evidence supporting her alleged disability including nearly a full year of treatment for swelling in the feet, legs and joints, and subjective complaints of pain and stiffness in the hands and feet. She contends that the Court should not be swayed by the Commissioner's *post hoc* rationalizations. Plaintiff also contends that the ALJ erred in his credibility determination because of "his failure to articulate how [her daily] activities are inconsistent with her subjective complaints." [Plaintiff's Reply Brief, at 3]. She asserts that the ALJ did not offer a plausible explanation regarding how her daily activities were inconsistent with her allegations of pain and limitations, and that he erred in not properly weighing plaintiff's husband's statements.

The Court has reviewed the actual basis for the ALJ's decision, which is brief in this case. He did discuss the applicable exhibits in reference to plaintiff's diabetes and hypertension, which

he found to be controlled with medication. There is no evidence to the contrary in the record. He examined her medical records and noted her history of low back pain, and the fact that she underwent lumbosacral decompression surgery on October 3, 2006. The ALJ found that there was very little evidence of treatment. In addition to the back surgery, the ALJ noted treatment in the emergency room in 2008 for chest pain and dizziness. On this occasion, plaintiff was prescribed medication and a heart monitor, and left the hospital against medical advice, stating that she was feeling better. He also observed that she had an endoscopy in April of 2008, which noted severe gastritis and severe erythematous duodenitis. He found that she was prescribed medications, which controlled her symptoms. The ALJ also noted that in May of 2009, plaintiff complained of left shoulder pain and was diagnosed with bursitis.

It should be noted that plaintiff's back injury and subsequent back surgery occurred in 2006, before the alleged onset date of disability. Medical records post-surgery indicate that she was released from treatment, exhibited normal gait, body strength and walking, and was released to work with a 32-pound weight limit. She returned to work on November 20, 2006. Plaintiff testified that she was fired from her job in 2007 because she could not adequately perform her job. She attributes that to the fact that she was in chronic pain. She stated that when she went to a doctor about back pain, she was prescribed pain medication or told to "just take Tylenol." [Tr. 24]. Although plaintiff contends that her back has gotten worse and that she cannot work because of chronic back pain, treatment notes during the relevant period indicate that she only complained on occasion of low back pain. She underwent a CT scan of the abdomen/pelvic area in October of 2007; among the findings was that plaintiff had degenerative disc disease of the lower lumbar spine, but no facet joint arthropathy (a condition related to spinal degeneration, which causes pain). The medical records also indicate that she did complain about stiffness in

her hands and was found to have edema in her legs and feet after being taken off some medication, but there is no indication that this was a long-term problem. Additionally, she did not complain about swelling in her legs or feet at the hearing. Moreover, she did not allege that she was disabled because of arthritis in her hands, nor is there is medical evidence to support treatment for serious hand problems. While plaintiff suffers from low back pain, it should be noted that she has had no further treatment, other than pain or over-the-counter medication, for back pain. There is nothing in the record to suggest that she was prescribed any kind of steroid injection for pain, and she acknowledged that further surgery had not been recommended. Further, the medical records do not indicate that plaintiff's diabetes and hypertension were not well-controlled. For these reasons, the Court finds that there is substantial evidence in the record as a whole to conclude that the ALJ's findings regarding the extent of plaintiff's limitations are supported by the medical evidence of record. While the ALJ's findings were brief, the Court is satisfied that he did review the medical records and did not unfairly weigh the evidence. The Court finds that the ALJ's brevity was not prejudicial error, but rather, at most, "an arguable deficiency in opinion-writing technique." Robinson v. Sullivan, 956 F.2d 836, 841 8th Cir. 1992.

In terms of the credibility analysis, the ALJ must consider the subjective aspects of plaintiff's complaints pursuant to the agency's regulations, 20 C.F.R. §§ 404.1529 and 416.929, and within the framework set forth in Polaski. As long as the ALJ examines the Polaski factors and cites inconsistencies between plaintiff's subjective complaints and the record as a whole, the ALJ's credibility determination is entitled to deference. Goff v. Barnhart, 421 F.3d 785, 791-92 (8th Cir. 2005).

Plaintiff contends that the ALJ erred in not properly considering the totality of the evidence by failing to determine whether she was a credible witness. She asserts that the ALJ

erred in his credibility determination in terms of her daily activities because of "his failure to articulate how those activities are inconsistent with her subjective complaints." [Plaintiff's Reply Brief, at 3]. She contends that the ALJ did not offer a plausible explanation regarding how her daily activities were inconsistent with her allegations of pain and limitations.

The ALJ found that plaintiff was stable with medication; that she had very little medical treatment to support her complaints of disability; and that her daily activities were inconsistent with allegations of disabling pain. He also noted that he had considered the statements made by plaintiff's spouse, but did find that they added anything of positive value. In terms of her daily activities, the ALj relied on plaintiff's Function Report. This indicated that plaintiff's daily activities include taking care of her daily personal needs, watching television and the radio, helping with meals, doing the dishes with a break before she finishes them, and feeding their small dog. She indicated that there are things she can no longer do, like working in the flower bed, mowing the yard, standing for a long time, and sleeping in certain positions. She indicated that she is able to do cleaning and laundry, although she did a little and then had to rest. She also indicated that she did grocery and household shopping about once a month, although she had to sit down and rest when doing so. In terms of social activities, plaintiff indicated that she talked on the phone daily, and had monthly family dinners. She can no longer go to her grandchildren's sporting events because she can't sit on the bleachers. Plaintiff also stated that she had no problems following instructions or concentrating.

The law is clear that "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Homstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001). While an ALJ who discredits a claimant's subjective complaints must make an express credibility determination explaining the reasons for doing so, Singh v. Apfel, 222 F3d 448, 452 (8th Cir.

2000), the law does not require that the ALJ explicitly discuss each factor. Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010). Rather, it is sufficient if the ALJ acknowledges and considers the factors before discounting subjective complaints. Id. at 932. The ALJ's credibility determination is entitled to deference if it was based on several valid reasons. Id.

A full review of the record leads the Court to the conclusion that there is substantial evidence to support the ALJ's decision to only partially credit plaintiff's testimony. Initially, there is not medical evidence in the record to support her allegations that her back condition is wholly disabling, and her treatment has been conservative. Additionally, there is very little evidence to support a finding that her problems with her hands is a condition for which she has sought or received much treatment, nor is it a condition that she alleged as a disability. While the written statement from plaintiff's husband appeared credible and sincere, the Court finds that the ALJ did not err in not giving weight to that statement. The statement discussed a great deal about plaintiff's problems with her hands; it indicated that she had quit work, rather than having been terminated as she testified; and while supporting plaintiff's complaints at the hearing, the statement was basically cumulative. Plaintiff also testified regarding daily activities that are not entirely consistent with the extent of her subjective complaints. Further, in finding that plaintiff could only perform a limited range of sedentary work, the ALJ clearly gave credence to some of her testimony. After careful review, the Court finds that the ALJ's failure to give weight to her husband's statement in his ruling would not effect the outcome of this case. Although the ALJ did not mention plaintiff's work history, he did consider other Polaski factors, and the law does not require that the ALJ delineate every factor in his credibility determination. Given that the credibility of a claimant's testimony is primarily for the ALJ to decide, the Court finds that there is a sufficient basis to support the ALJ's credibility determination, which was based on the ALJ's

thorough review of the objective medical evidence, and plaintiff's own statements and testimony.

Plaintiff asserts that the RFC was not based upon the medical evidence because the ALJ failed to consider and weigh all the evidence of her impairments, and by not conducting a proper credibility assessment. Therefore, she asserts that the RFC is improper.

The Eighth Circuit has recognized that the RFC finding is a determination based upon all the record evidence, not just "medical" evidence. See Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001); Dykes v. Apfel, 223 F.3d 865, 866-67 (8th Cir.2000) (citing 20 C.F.R. § 404.1545; SSR 96-8p at pp. 8-9). The RFC formulation is a part of the medical portion of a disability adjudication. Although it is a medical question, the RFC findings are not based only on "medical" evidence, i.e., evidence from medical reports or sources. Rather, an ALJ has the duty, at step four, to formulate the RFC based on all the relevant, credible evidence of record. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations).

In this case, the Court finds that there is substantial evidence to support the ALJ's decision regarding plaintiff's RFC. The record reflects that the ALJ properly considered all the evidence of record in analyzing plaintiff's credibility, as the Court has previously stated herein, and then properly considered all of the evidence of plaintiff's restrictions found to be credible in determining her RFC. He relied on the testimony of a vocational expert to determine that she could perform her past relevant work as a telemarketer, or several other unskilled sedentary jobs, such as assembler or table worker. He limited her to a less than full range of sedentary work. Despite the severe impairments recognized by the ALJ and incorporated into the RFC, there is nothing in the record to suggest that plaintiff cannot perform sedentary work within the range

recommended by the vocational expert. The record as a whole does not establish that she has a disabling impairment that would totally preclude her from working.

Having fully reviewed the record, the Court finds that there is substantial evidence to support the ALJ's determination plaintiff that had the RFC to perform a limited range of sedentary work. Based on the record as a whole, it cannot be said that the ALJ erred in his RFC assessment.

Based on the foregoing, the Court finds that there is substantial evidence in the record to support the ALJ's decision that plaintiff does not suffer from a disabling impairment, and that she was not disabled under the Act during the time period in question. Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006). The ALJ's finding that plaintiff was not disabled is supported in the record as a whole. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary should be, and it is hereby, affirmed.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 11/29/12